UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA S. BOYER, as Executor and Personal Representative of the Estate of Roy Leon Boyer, <br><br>    Plaintiff, <br><br> vs. <br><br> ABBOTT LABORATORIES, INC., and ABBOTT VASCULAR, INC., <br><br>    Defendants. | 22 C 4772 <br><br> Judge Gary Feinerman |

**MEMORANDUM OPINION AND ORDER**

In June 2020, Decedent Roy Leon Boyer was admitted to a hospital in Virginia for elective cardiac catheterization following a positive stress test. Doc. 1-1 at ¶¶ 2, 10. Dr. Julius Gasso performed a coronary catheterization using a catheter that—according to Rebecca Boyer ("Boyer"), the executor and personal representative of Roy's estate—was designed, manufactured, and distributed by Abbott Laboratories, Inc. ("ALI") and Abbott Vascular, Inc. ("Vascular"). *Id*. at ¶¶ 1, 4-6, 10-11. During the procedure, the catheter malfunctioned and broke at the distal tip. *Id*. at ¶ 11. Dr. Gasso was unable to remove the broken part of the catheter, which was lodged inside Roy Boyer's artery. *Id*. at ¶ 12. Dr. Gasso immediately contacted cardiac and thoracic surgeon Dr. Charles W. Raudat in Tennessee. *Id*. at ¶ 13. Roy was transported to Tennessee for surgery, which ultimately failed to remove the catheter. *Id*. at ¶¶ 13-14. Roy was critically ill for more than a week before dying "due to multisystem organ failure, cardiogenic shock, acute myocardial infarction, and retained foreign body right coronary artery." *Id*. at ¶¶ 16, 19.

1

Boyer sued ALI and Vascular in the Circuit Court of Cook County, Illinois, bringing various state law claims. *Id*. at ¶¶ 29-61. The complaint alleges that ALI is Vascular's parent company. *Id*. at ¶ 4. Defendants removed the suit on September 6, 2022, invoking the diversity jurisdiction and arguing that ALI, an Illinois corporation, was fraudulently joined, such that the forum defendant rule did not bar removal. Doc. 1. That same day, ALI moved to dismiss under Civil Rule 21, Doc. 2, and a week later, Vascular moved to dismiss under Civil Rules 12(b)(2) and (b)(6), Doc. 8. Boyer did not file a motion to remand; instead, on October 18, she requested remand as part of her opposition to ALI's Rule 21 motion. Doc. 18 at 3-8. That same day, Boyer filed an opposition to Vascular's Rule 12(b) motion and moved for leave to file an amended complaint. Docs. 17, 19.

For the reasons that follow, ALI's motion to dismiss is granted; Boyer's request for remand is denied; Boyer's motion for leave to amend is granted; and Vascular's motion to dismiss is denied without prejudice.

*ALI's Rule 21 Motion*. Rule 21 permits a court to "drop" a party that has been misjoined. Fed. R. Civ. P. 21. ALI argues that it is not a properly joined defendant because it is not, in fact, Vascular's parent company. Doc. 1 at ¶¶ 19-25; Doc. 3. Instead, ALI says, Abbott Laboratories is Vascular's parent. Doc. 1 at ¶ 25; Doc. 3 at 2-3; *see* Doc. 1-4 at ¶ 5; Doc. 1-5.

Boyer opposed ALI's motion and insisted that ALI had not been fraudulently joined. Doc. 18; *see* Doc. 19 at ¶ 6 ("Plaintiff contests that she has not fraudulently joined any party[] and has not joined any party for improper purpose.") (footnote omitted). Boyer argued that, even if ALI were not Vascular's parent, her claims against ALI did not depend on a parent-subsidiary relationship. Doc. 18 at 7 ("ALI's position that it is not the parent company of Abbott Vascular, Inc. does nothing to refute Plaintiff's allegations of its own direct involvement with the

Catheter."); *id*. at 9 ("Plaintiff's Complaint does not state that it seeks to hold ALI liable solely because it is a parent company of the wrongdoer. Plaintiff has plausibly pled that both entities played a direct role in the events that ultimately led to the Decedent's untimely and preventable death."). Boyer's proposed amended complaint, attached to her motion for leave to amend, retains ALI as a defendant and continues to allege that it is Vascular's parent. Doc. 19-1 at ¶ 15. At the same time, the proposed amended complaint adds Abbott Laboratories as a defendant and alleges that Abbott Laboratories is Vascular's parent as well. *Id*. at ¶ 17.

Boyer reversed course at the motion hearing, Doc. 28, stating: "[W]e filed a motion for leave to amend because [ALI] in their motion to dismiss identified for us that they were improperly joined, that we -- there was a misnomer in our complaint. We sued Abbott Laboratories, Inc. instead of Abbott [Laboratories]. And taking them at their word, we have moved for leave to add that party." Boyer further stated that "[ALI] has argued, and the plaintiffs agree and have taken them at their word that they were improperly joined," and that she would seek to join the correct party, Abbott Laboratories. *Ibid*.

Because Boyer concedes that ALI was incorrectly joined as a defendant, ALI's Rule 21 motion is granted.

*Boyer's Request to Remand*. As noted, Boyer has abandoned any argument that ALI was properly joined, and therefore any argument that ALI's presence in the case warrants remand under the forum defendant rule. Moreover, any such argument was untimely because Boyer did not object to removal within thirty days of the suit being removed; an objection based on the forum defendant rule is waivable; and the extension of time the court granted Boyer for responding to Defendants' motions to dismiss did not alter the time for objecting to removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack

3

of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 379-80 (7th Cir. 2000) (holding that the forum defendant rule is non-jurisdictional and therefore waivable). And even if the court had the discretion to entertain Boyer's belated remand request, Doc. 19 at 10-14, it would decline to do so given Boyer's concession that ALI was improperly joined, meaning that the forum defendant rule did not bar removal at the time the suit was removed.

That leaves Boyer's contention that remand *will* become appropriate under the forum defendant rule if the court grants her leave to amend to name Abbott Laboratories—which, like ALI, is an Illinois corporation—as a defendant. Doc. 28; *see* Doc. 19-1 at ¶ 17. Boyer's argument is unpersuasive. As a textual matter, it contorts the applicable statute, which provides: "A civil action otherwise removable solely on the basis of [diversity jurisdiction] *may not be removed* if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). That provision—which provides that an action "may not be removed" to federal court due to the presence of a "properly joined and served" defendant—has no application where, as here, a suit has *already* been removed and the plaintiff seeks to add a new defendant post-removal. *See Gillespie v. Marriott Int'l, Inc.*, 2015 WL 8752135, at *3 (E.D. Va. Dec. 14, 2015) ("The plain text of the forum-defendant rule defines when a case 'may not be removed.' The rule does not discuss the addition of completely new defendants *after* removal.") (emphasis and internal citation omitted). As the Ninth Circuit explained, "the joinder of a local, but completely diverse defendant, after an action has been removed to federal court," does not require remand. *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004). The reason is that "[c]hallenges to removal jurisdiction require an inquiry into the circumstances at the time the

4

notice of removal is filed," and if "removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand." *Id.* at 871; *accord, e.g.*, *Leahy v. Omni Hotels Mgmt. Corp.*, 560 F. Supp. 3d 496, 499 (D.N.H. 2021) ("The post-removal joinder of a forum defendant does not implicate the forum defendant rule, regardless of whether the rule is properly characterized as jurisdictional or procedural in nature."); *Gillespie*, 2015 WL 8752135, at *3 ("The forum-defendant rule does not prevent the joinder of forum-state defendants *after* the case is removed."); *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 7 (D.D.C. 2004) ("After removal has been effected, the addition of diverse defendants who are citizens of the forum state does not impact the jurisdictional question of whether removal was proper in the first instance."). Although the forum defendant rule is not jurisdictional as a technical matter, this result accords with "[t]he well-established general rule … that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." *In re BNSF Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) (collecting cases).

*Boyer's Motion for Leave to Amend*. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that amendment would be futile because Boyer's proposed amended complaint fails to state a viable claim against any defendant. Doc. 21 at 5-11. The court will not limit Boyer to that proposed filing; after all, it retains ALI as a defendant, Doc. 19-1, which is

5

inconsistent with her concession that ALI was improperly joined. Rather, the court grants Boyer the opportunity to file an amended complaint that names the proper defendants and makes all pertinent allegations against those defendants, bearing in mind the arguments set forth in Vascular's Rule 12(b)(2) and (b)(6) motion. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff … should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Boyer shall file the amended complaint—which should be sure to allege Boyer's citizenship, not her residence—by January 4, 2023.

*Vascular's Motion to Dismiss*. Because Boyer is granted leave to amend, Vascular's Rule 12(b)(2) and (b)(6) motion—directed at the original complaint—is denied as moot, without prejudice to Vascular renewing its arguments in a responsive pleading directed to the amended complaint. Vascular and any other named defendant shall file their responsive pleading by January 25, 2023.

December 14, 2022

_____
United States District Judge